UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————

No. 01-11282

(Summary Calendar)

———————————

TIMOTHY DEAN SCOTT,

                            Petitioner - Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                            Respondent - Appellee.

—————————————————————————————————

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 4:00-CV-1716-A

—————————————————————————————————

September 4, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Timothy Dean Scott, Texas prisoner # 813607, appeals the denial of his 28 U.S.C. § 2254

petition.  A certificate of appealability was granted on the following issues:  (1) whether the

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecutor improperly questioned Scott regarding Scott's post-arrest silence; (2) whether counsel was ineffective in failing to object to the prosecutor's questions regarding his post-arrest silence; and (3) whether counsel was ineffective in failing to call Judy Hulsey to testify on Scott's behalf.

"In the absence of the sort of affirmative assurance embodied in the *Miranda*[1] warnings,. . .it [does not] violate[] due process of law for a State to permit cross-examination as to postarrest silence when a defendant chooses to take the stand." *Fletcher v. Weir*, 455 U.S. 603, 607 (1982). The record is ambiguous regarding when Scott's *Miranda* rights were read. We nevertheless hold that insofar as the prosecution can be said to have impermissibly impeached Scott with his post-*Miranda* silence, Scott has failed to establish that the error had a "substantial and injurious effect or influence" on the jury's verdict in light of the cumulative nature of the impermissible questioning, the fact that the evidence against him was weighty, and the fact that such a small portion of the transcript was devoted to the impermissible questioning. *See Brecht v. Abrahamson*, 507 U.S. 619, 623, 639 (1993). We therefore further hold that Scott cannot show that he suffered the requisite prejudice as a result of his counsel's failure to object to the impermissible questioning to succeed on his ineffective assistance claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Galvan v. Cockrell*, 293 F.3d 760, 766 (5th Cir. 2002); *see also United States v. Chavez*, 193 F.3d 375, 379-80 (5th Cir. 1999) (denying habeas relief despite *Doyle* error).

We further reject Scott's claim that counsel was ineffective for failing to call Judy Hulsey as a trial witness. In light of the circumstances, counsel's decision was a strategic one that did not fall outside the range of competent assistance. *See Strickland*, 466 U.S. at 690. Additionally, Scott has failed to establish that the result of the proceeding would have been different had Hulsey testified.

---

[1]*Miranda v. Arizona,* 384 U.S. 436 (1966).

*See id.* at 694.

In light of the foregoing, Scott has failed to show that the state court's adjudication was contrary to clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings, and, therefore, he is not entitled to habeas relief. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 411-12 (2000).

AFFIRMED.