United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60692
Summary Calendar

AARON FINLEY,

Petitioner-Appellant,

versus

CHRISTOPHER EPPS,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:03-CV-3-LN
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

Aaron Finley, Mississippi state prisoner # 66987, appeals
the district court's dismissal of his 28 U.S.C. § 2254 habeas
corpus petition as barred by the one-year statute of limitations
of 28 U.S.C. § 2244(d). A judge of this court granted a
certificate of appealability on the issues whether Finley is
entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B),
in light of Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and/or to equitable tolling on the basis that he was "prevented in some extraordinary way from asserting his rights." See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). The overarching issue is what disposition this court should make in light of the fact that most of the evidence now relied on by the parties is being presented on appeal for the first time.

This court reviews the district court's findings of fact only for clear error. This includes deferring to the district court's resolution of conflicts requiring credibility determinations. See Galvan v. Cockrell, 293 F.3d 760, 764 (5th Cir. 2002). Because such conflicts are present, we vacate the district court's judgment and remand the cause. Upon remand, the parties can present their evidence to the district court, which should state appropriate findings and conclusions. See Barrientes v. Johnson, 221 F.3d 741, 770 (5th Cir. 2000).

VACATED AND REMANDED.