**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51236
Summary Calendar

ALVARO LUNA HERNANDEZ,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-01-CV-21
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following the denial of his 28 U.S.C. § 2254 petition wherein he challenged his state-court conviction for aggravated assault of a public servant, Alvaro Luna Hernandez (TDCJ # 255735) was granted a certificate of appealability (COA) "solely with respect to his claim that he was denied due process when Sheriff Jack McDaniel gave prejudicial testimony concerning his prior bad acts."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A habeas application may not be granted with respect to any claim that was "adjudicated on the merits in State court proceedings" unless the state decision was "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1). We review the district court findings of fact for clear error and its conclusions of law de novo. See Roberts v. Dretke, 381 F.3d 491, 497 (5th Cir. 2004).

The trial court's denial of Hernandez's motion for a mistrial justifies federal habeas corpus relief only if it was "error . . . so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause." See Bridge v. Lynaugh, 838 F.2d 770, 772 (5th Cir. 1998). In order to obtain relief, Hernandez must show that the trial court's error had a "substantial and injurious effect or influence in determining the jury's verdict." See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). Hernandez must show that "there is more than a mere reasonable possibility that [the error] contributed to the verdict. It must have had a substantial effect or influence in determining the verdict." Woods v. Johnson, 75 F.3d 1017, 1026 (5th Cir. 1996)(emphasis omitted). In determining harm, this court should consider (1) the importance of the witness's testimony; (2) whether the testimony was cumulative,

corroborated, or contradicted; and (3) the overall strength of the prosecution's case.  See Sherman v. Scott, 62 F.3d 136, 142 n.6 (5th Cir. 1995).

McDaniel testified that Hernandez grabbed his weapon and leveled it at his chest.  McDaniel's testimony was corroborated by that of bail bondsman Dan Cook.  McDaniel's testimony also was corroborated, in part, by the testimony of Hernandez's wife. Given the overall strength of the prosecution's case, Hernandez has not shown that the offending testimony has a substantial and injurious effect in determining the jury's verdict.  See Brecht, 507 U.S. at 623.  Moreover, the jury is presumed to have followed the trial court's instruction not to consider the offending testimony.  See Galvan v. Cockrell, 293 F.3d 760, 766 (5th Cir. 2002).  Accordingly, we conclude that the denial of the motion for a mistrial did not violate Hernandez's right to due process, and we affirm the denial of Hernandez's 28 U.S.C. § 2254 petition.

AFFIRMED.