United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10116
Summary Calendar
_____

TARRANCE DARON WHITLOCK

Petitioner - Appellant

v.

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2191-D
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Tarrance Daron Whitlock, Texas prisoner # 930799, was
granted a certificate of appealability on the issues whether
trial counsel rendered ineffective assistance with respect to
securing testimony of witnesses who may have corroborated
Whitlock's alibi and whether the district court erred when it
denied Whitlock's 28 U.S.C. § 2254 petition without an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidentiary hearing.  <u>Whitlock v. Dretke</u>, No. 04-10116, slip op. at 3 (5th Cir. June 29, 2004).

Whitlock argues that the district court should have granted him habeas relief because the state habeas court's application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), was unreasonable. <u>See</u> 28 U.S.C. § 2254(d)(1).  The state court's factual findings "shall be presumed to be correct" unless the petitioner rebuts the presumption "by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to explicit and implicit findings of fact which are necessary to the state court's conclusions of mixed law and fact and to the state court's credibility determinations.  <u>Valdez v. Cockrell</u>, 274 F.3d 941, 948 n.11 (5th Cir. 2001); <u>Galvan v. Cockrell</u>, 293 F.3d 760, 764 (5th Cir. 2002).

The state habeas court found Whitlock's trial counsel's affidavit to be credible and implicitly found that counsel did not call the individuals who filed affidavits purporting to support Whitlock's alibi testimony because either they were unavailable to testify or their testimony would not have supported Whitlock's alibi.  The district court found that Whitlock had not rebutted this credibility determination with clear and convincing evidence.  The district court's finding is not clearly erroneous because the state court's decision did not involve an unreasonable application of <u>Strickland</u>.

Whether the district court erred in denying Whitlock an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). Whitlock has not explained why he is entitled to an evidentiary hearing under this standard, nor do we independently discern any basis for a hearing.  Even if a evidentiary hearing is not barred by § 2254(e)(2), Whitlock makes only a conclusional assertion that he was denied a full and fair hearing.  He has not demonstrated that the district court abused its discretion in denying a hearing.  See Murphy v. Johnson, 205 F.3d 809, 815 (5th Cir. 2000).

AFFIRMED.