United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

————————

m 05-10916
Summary Calendar

————————

OYEKUNMI OYELUDE,

Petitioner-Appellant,

VERSUS

MICHAEL CHERTOFF,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Texas
m 1:03-CV-95

————————————

Before SMITH, GARZA, and PRADO,
  Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited cir-
(continued...)

Oyekunmi Oyelude, appeals, *pro se*,[1] the dismissal, as moot, of his petition for writ of

———————

[*](...continued)
cumstances set forth in 5TH CIR. R. 47.5.4.

[1] The briefs Oyelude has filed are of a quality well beyond what we usually expect of a *pro se* litigant untrained in the law.

habeas corpus. We affirm.

In September 2002, the Immigration and Naturalization Service charged Oyelude, a native of Nigeria, with remaining in the United States without authorization and detained him pursuant to 8 U.S.C. § 1226 pending a final decision on his removal from the country.[2] In April 2003, Oyelude filed a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging his continued custody. While the habeas petition was pending, the Board of Immigration Appeals issued a final order of removal in June 2004.

In September 2004, Oyelude was released from custody on an order of supervision pursuant to 8 U.S.C. § 1231(a)(3).[3] He filed a petition for review of the final removal order, which we dismissed for want of jurisdiction. *See Oyelude v. Ashcroft*, No. 04-60595 (5th Cir. Feb. 1, 2005) (per curiam) (unpublished). In March 2005, we vacated the district court's denial of Oyelude's habeas petition and remanded for further proceedings, explicitly declining to rule on the ultimate merits. *Oyelude v. Chertoff*, 125 Fed. Appx. 542, 547 (5th Cir. 2005). On remand, and after learning that

---

[2] Title 8 U.S.C. § 1226(a) provides that, subject to certain restrictions, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."

[3] Title 8 U.S.C. § 1231(a) requires the Attorney General to detain an alien who is subject to a final order of removal. Subpart (3) provides that if the alien has not been deported after the initial 90-day removal period, he "shall be subject to supervision under regulations provided by the Attorney General." Because the government was unable to remove Oyelude within the 90-day period, it released him from custody pending later removal, subject to a variety of restrictions on his activities.

Oyelude had been released from custody, the district court dismissed his habeas petition as moot on June 14, 2005. On June 22, 2005, Oyelude was detained for violation of the terms of the order of supervision, and he remains in custody.

Although Oleyude makes many arguments in his brief, only those touching on the mootness issue are relevant here. His position on the mootness issue is that although he was temporarily released from custody, his case is not moot because he finds himself incarcerated once again and remains subject to removal.

Oyelude's habeas petition challenges the government's right to hold him in custody pursuant to 8 U.S.C. § 1226, pending a final decision on removal. He asks that the court use its habeas jurisdiction over that claim to review all the circumstances surrounding his removal. Each aspect of his removal proceedings implicates different jurisdictional rules, however, and this court does not necessarily have jurisdiction to decide his case in full merely because we may hear part of it.

Oyelude's challenge to the § 1226 custody is now moot.[4] The only issue for the district court to consider, if this case were to continue, would be the propriety of Oyelude's present detention under § 1231. That statute automatically places aliens in the custody of the Attorney General after issuance of a removal order. Thus, Oyelude's present detention flows dir-

---

[4] Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231. As a technical matter, the issue was not mooted by his later release from custody, because it had already been mooted by the BIA's final removal order, from which Oyelude may not seek habeas relief.

ectly from his removal order. He cannot challenge that detention without also challenging the validity of the removal order.

Though Oyelude could challenge his initial § 1226 detention using a habeas petition, he may not use habeas proceedings to attack a final removal order. Under the Real ID Act, the federal courts lack jurisdiction to entertain habeas petitions challenging final removal orders. *See* Pub.L. No. 109-13, 119 Stat. 231, 310, § 106(a)(1)(B). Such orders may be brought to the federal courts solely by means of a petition for review. *Ramirez-Molina v. Ziglar*, ___ F.3d ___, 2006 WL 62862, at *3 (5th Cir. 2006). As we have noted, this court denied Oyelude's petition for review.

The district court lacked jurisdiction to entertain Oyelude's arguments challenging the basis for his removal order. The only issue raised by Oyelude's petition over which federal habeas jurisdiction existed is the validity of his prior detention pending a final decision on removal, under § 1226. That issue is now moot. Accordingly, the judgment dismissing the petition is AFFIRMED.