# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2013

Lyle W. Cayce
Clerk

No. 12-20739
Summary Calendar

COLLINS O. NYABWA,

Plaintiff–Appellant,

v.

DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE DIRECTOR,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2518

Before WEINER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Collins O. Nyabwa, immigration detainee # A087 029 259, filed a 28 U.S.C. § 2241 habeas corpus application challenging the legality of his immigration detention on the ground that his state convictions were based on violations of an unconstitutional state statute. The district court dismissed the petition as premature.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).  Nyabwa is not required to obtain a certificate of appealability before proceeding on appeal.  *See Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997).

When Nyabwa filed his § 2241 application, he was being detained pursuant to 8 U.S.C. § 1226(c), which mandates that the Attorney General take into custody aliens who are deportable for having committed certain crimes. Thus, Nyabwa's § 2241 application challenged his *preadjudication* detention pending a removal hearing.  Nyabwa has since been ordered removed and is now being held pending removal pursuant to 8 U.S.C. § 1231(a)(1)(A).  Because Nyabwa is no longer subject to the detention he challenged in his application, his appeal of the district court's dismissal is moot.  *See Oyelude v. Chertoff*, 170 F. App'x 366, 367 & n.4 (5th Cir. 2006).

DISMISSED AS MOOT; MOTION FOR APPOINTMENT OF APPELLATE COUNSEL DENIED.