# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30624

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

RICHARD T. LOGAN,

> Plaintiff–Appellant,

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

> Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-900

Before SMITH, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Richard Logan applied for the position of Information Technology Specialist with the Federal Bureau of Prisons. When a younger applicant was selected for the position, Logan brought this action challenging his nonselection as a violation of the Age Discrimination in Employment Act ("ADEA"). Because Logan is a federal employee, he filed this

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30624

suit pursuant to 29 U.S.C. § 633a(a).[1] After a bench trial, the district court found in favor of the Defendant–Appellee and dismissed Logan's claims with prejudice. We AFFIRM.

## I. BACKGROUND

### A.    Facts

Richard Logan is currently, and was at all times relevant to this case, employed by the Federal Bureau of Prisons ("the BOP"). Specifically, during the events of this case, Logan was employed as a Senior Officer Specialist at the Federal Corrections Center in Pollock, Louisiana ("FCC Pollock"). Logan was assigned an initial twelve-month IT specialist training detail from February 2009 until February 2010 and was given a six-month extension in that position. While on detail, Logan performed "the jobs encompassed in the job description of" Information Technology Specialist ("ITS"). Warden Joseph Keffer appointed Logan to the ITS training detail in 2009 after Logan expressed interest in making a career in the computer services field.[2] The vacancy announcement for the training detail provided that upon a trainee's successful completion of the program, Warden Keffer could move the trainee to the permanent ITS position without opening the position to other applicants.

On February 24, 2010, the BOP announced a vacancy for the permanent ITS position and opened the application process to all BOP employees and "eligible DOJ Surplus and Displaced employees." Logan timely applied for the position. At the end of the application period, four candidates—including

---

[1] Logan brought this action against Eric Holder, the United States Attorney General at the time. Since filing this lawsuit, two other Attorneys General were substituted as defendants—first Loretta Lynch, and now Jefferson B. Sessions III. From this point forward, we will refer to the Attorney General defendant as the Defendant–Appellee.

[2] The ITS training detail was open to all potential candidates, but Warden Keffer ultimately selected Logan.

2

No. 16-30624

Logan and Dustin Crawford, the eventual selectee[3]—were placed on a "Best Qualified List." The Best Qualified List and the applicants' respective data were then submitted to Warden Keffer. An applicant data report was attached as a cover sheet to the applicant resumes and contained some basic information about each applicant, including their dates of birth. At the time the two candidates submitted their applications for the ITS position, Selectee Crawford was twenty-seven years old and Logan was forty-five. Based on his review of the applicants, Warden Keffer selected Dustin Crawford for the ITS position.

Logan alleges that this selection was improperly made on the basis of age. He claims that he spoke to Warden Keffer after the decision had been made and remembers that Warden Keffer referred to Selectee Crawford as "a young guy from Oakdale" who "had a master's degree and worked at the Pentagon." Supervisor Crawford also testified that before Warden Keffer made his selection for the full-time ITS position, he came into Supervisor Crawford's office "talking about an employee at Oakdale [who] was . . . [a] 27-year-old guy [with a] master's degree." Supervisor Crawford noted that Warden Keffer seemed to be "real high on" Selectee Crawford and seemed "real impressed by the guy's resume." Warden Keffer denied ever referring to Selectee Crawford as "young" or mentioning his age. Warden Keffer also testified that he could not recall ever saying that Selectee Crawford had a master's degree.

During trial, Warden Keffer testified that he chose Selectee Crawford based on his superior qualifications. Warden Keffer also noted that Selectee Crawford was an external hire and employing him would constitute a staffing gain, which gave him the ability to "offset 2,080 hours of overtime per year."

---

[3] To distinguish between Dustin Crawford and Clift Crawford, FCC Pollock's computer service manager and Logan's supervisor while on training detail, we will hereinafter refer to the former as "Selectee Crawford" and the latter as "Supervisor Crawford."

3

No. 16-30624

Finally, Warden Keffer testified that he never looked at the applicants' dates of birth when making this employment decision. Logan disputes Warden Keffer's statements that Selectee Crawford was better qualified for the ITS position and claims that Warden Keffer must have been aware of the applicants' dates of birth. In further support of his argument that he was better qualified for the ITS position, Logan points to Supervisor Crawford's testimony that Logan would have been his pick for the permanent position.

## B.    Procedural History

Logan contacted the BOP Equal Employment Opportunity counselor on August 17, 2010, to lodge an administrative complaint alleging age discrimination in the selection process for the ITS position. On September 23, 2010, Logan received a Notice of Right to File a Discrimination Complaint from the Equal Employment Opportunity Commission ("the EEOC"). The District Office of the EEOC then conducted a hearing via video conference on November 17, 2011, before Administrative Law Judge Nancy Graham. Thereafter, the EEOC denied Logan administrative relief. He then unsuccessfully appealed the EEOC's final order and was issued a Right to Sue letter. On May 1, 2013, Logan filed his complaint in federal district court. The Defendant–Appellee then filed a motion for summary judgment, which was denied.

On March 22, 2016, District Judge Dee D. Drell held a one-day bench trial and ultimately issued a ruling that Logan had failed to meet his burden of proof in establishing age discrimination under the ADEA. The court then entered judgment and dismissed Logan's claims with prejudice. Logan timely appealed.

## II. DISCUSSION

## A.    Standard of Review

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Bd. of*

*Trs. New Orleans Emp'rs Int'l Longshoremen's Ass'n v. Gabriel, Roeder, Smith & Co.*, 529 F.3d 506, 509 (5th Cir. 2008) (quoting *Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006)). "A finding is clearly erroneous if it is without substantial evidence to support it, the court misinterpreted the effect of the evidence, or this court is convinced that the findings are against the preponderance of credible testimony." *Id.* This Court will only set aside a district court's findings of fact when "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Gabriel*, 529 F.3d at 509.

**B.    Analysis**

The ADEA generally prohibits employers from engaging in age discrimination. 29 U.S.C. §§ 621–634. Separate provisions of the statute govern age discrimination with respect to private- and public-sector employees. *See* 29 U.S.C. § 623 (private employees); 29 U.S.C. § 633a (public employees). As to federal employees, the ADEA provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). This Court has not yet determined whether a but-for or motivating factor causation standard should apply to a federal employee's ADEA claim. *See Leal v. McHugh*, 731 F.3d 405, 412 (5th Cir. 2013) (declining to determine the proper causation standard because the appellants' complaint stated a claim for relief under the heightened but-for standard). Because we find that the district court did not err in determining that Logan presented insufficient evidence of causation under either standard, however, we need not decide the appropriate standard in this case.

Here, the district court first determined that Warden Keffer's testimony that he never referred to Selectee Crawford as "young" or a "twenty-seven year old" was more credible than Supervisor Crawford's and Logan's testimony to

the contrary. The district court also found credible Warden Keffer's testimony that he did not look at the applicants' dates of birth while reviewing the applications of those who made the Best Qualified List. Accordingly, the court concluded that Logan failed to satisfy his burden of demonstrating either that he would have been chosen for the ITS position but for his age or that age was even a motivating factor in the choice.

Logan argues that Warden Keffer's alleged remarks about Selectee Crawford's youth, in combination with his own superior qualifications for the ITS position, show that Warden Keffer's decision to hire Selectee Crawford over Logan must have been impermissibly based on age. He states that it was "manifest error for the trial court to reject [Supervisor Crawford's and Logan's] testimony based solely on Keffer's self-serving denial."

Given that "[t]his Court defers to the trier of fact in resolving conflicts requiring credibility determinations," *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002), Logan has provided no basis for this Court to hold that the district court improperly credited Warden Keffer's testimony over Logan's and Supervisor Crawford's. The district court even provided a reasoned basis for doing so: it noted that Logan and Supervisor Crawford both were "unconvincing" and gave "vague" testimony regarding these alleged conversations, whereas "Warden Keffer was certain that the alleged remarks were never made." This characterization appears accurate on a review of the trial transcript. Accordingly, we defer to the district court's determination that Warden Keffer did not make statements regarding Selectee Crawford's youth to either Logan or Supervisor Crawford. Likewise, there is nothing in the record that suggests the district court committed clear error when it found credible Warden Keffer's testimony that he did not look at the applicants' dates of birth when he reviewed applications for the ITS position. Thus, we also defer to the district court's credibility determination on this point.

Moreover, Logan does not point to any evidence showing that the district court erred in concluding that neither applicant was particularly better qualified than the other. Although Logan technically had more experience doing the work required in the full-time ITS position due to his eighteen months in the training detail, Selectee Crawford had better education credentials: Selectee Crawford's bachelor's degree in math and physics qualified him for the job while Logan's associate's degree did not. Warden Keffer testified that the training detail was the only reason Logan qualified for the full-time ITS position in the first place. Logan also had received a "Certificate of Achievement" in appreciation of his exceptional performance and dedication while completing the ITS detail. But Selectee Crawford apparently received a glowing recommendation from Warden Joe Young, whom Warden Keffer trusted and respected.[4] Finally, both Logan and Selectee Crawford had some experience working in IT—Logan during the ITS detail and while he was earning his associate's degree, and Selectee Crawford during his time with the Navy.

In sum, we find that the district court did not commit clear error in crediting Warden Keffer's testimony, and that Logan has not presented evidence that he was better-qualified than Selectee Crawford for the ITS position. Accordingly, we hold that Logan has failed to present sufficient evidence of a causal link between age and his nonselection for the ITS position.

### III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's dismissal of Logan's ADEA claim.

---

[4] Logan argues that Warden Keffer violated the Merit Systems Principles, 5 U.S.C. §§ 2301(b)(1), 2302(b), by improperly relying on Warden Young's recommendation of Selectee Crawford. Because this argument was not raised before the district court, we find it waived. *See Pluet v. Frasier*, 355 F.3d 381, 385 (5th Cir. 2004) ("We will not disturb the district court's judgment based upon an argument presented for the first time on appeal.").