Randall ALLEN, Petitioner-Appellant,

v.

O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.

No. 86–1031.

United States Court of Appeals, Fifth Circuit.

Dec. 2, 1986.

Rehearing and Rehearing En Banc Denied Jan. 6, 1987.

where he remained until he was arrested by the police.

During a two hour police interrogation the next day, Detective W.C. Payne told the petitioner that because his wife was directly involved in the robbery, charges could be filed against her. Detective Payne then told petitioner that if he confessed, the police would not file charges against his wife. Petitioner confessed.

The petitioner's attorney made no pretrial motion to suppress the confession, but instead questioned Detective Payne on *voir dire* about the threatened arrest. Arguing that the confession was not voluntary, petitioner's attorney objected to its admission into evidence. The objection was overruled. After a full bench trial, the petitioner was convicted.

Randall Allen, Huntsville, Tex., pro se.

Jim Mattox, Atty. Gen., Liz Bills, S. Michael Bozarth, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GARZA, DAVIS and JONES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioner, Randall Allen, was convicted of aggravated robbery with a deadly weapon and sentenced to life imprisonment in the Texas state court. Allen is currently incarcerated at the Ellis Unit of the Texas Department of Corrections. Allen appeals the judgment of the district court denying his petition for habeas corpus. We find no error and affirm.

## I.

The state established at trial that on the night in question petitioner's wife drove petitioner to a bar to sell a shotgun. The purchaser of the gun never arrived, and the petitioner tried to rob the bar. A patron of the bar wrestled the petitioner to the floor,

## II.

Petitioner first complains that his state court bench trial failed to provide him a *Jackson v. Denno* suppression hearing on the voluntariness of his confession. *See Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963). The Supreme Court in *Jackson* held that if a criminal defendant objects to the admission of a confession on grounds that it was not obtained voluntarily, he has the right to a separate hearing on the voluntariness issue "uninfluenced by the truth or falsity of the confession." *Jackson*, 378 U.S. at 376–77, 84 S.Ct. at 1780–81. The jury that was empanelled to determine Jackson's guilt or innocence was asked to simultaneously decide the voluntariness of his confession. The Court reasoned that a jury "may find it difficult to understand the policy forbidding reliance upon a coerced, but true, confession," and that "matters pertaining to the defendant's guilt will infect the jury's finding of fact bearing upon voluntariness, as well as its conclusion upon that issue itself." *Id.* at 382–83, 84 S.Ct. at 1783–84.

Although lay jurors are presumed unable to determine voluntariness objectively, we have previously held that in a federal bench trial, the judge need not conduct a separate

*Jackson v. Denno* hearing on voluntariness. *U.S. v. Martinez,* 555 F.2d 1269, 1272 (5th Cir.1977). The Court in *Jackson* specifically noted that its holding did not question procedures whereby "the judge hears the confession evidence himself, resolves evidentiary conflicts, and gives his own answer to the coercion issue. . . ." *Id.* 378 U.S. at 378, n. 8, 84 S.Ct. at 1781, n. 8. It is presumed that the conclusions of federal trial judges are based only on relevant and admissible evidence. *United States v. Dillon,* 436 F.2d 1093, 1095 (5th Cir.1971).

Considerations of comity compel us to extend this same presumption to the rulings of state court trial judges. We agree with the Seventh Circuit that the separate-hearing requirement of *Jackson v. Denno* has no applicability in a bench trial setting, whether in state or federal court. *United States ex rel. Placek v. Illinois,* 546 F.2d 1298, 1304–05 (7th Cir.1976). As the court explained:

> *Jackson* . . . was premised largely on its concern that lay jurors were unable to separate considerations going solely to the voluntariness of a confession from matters affecting its reliability as proof of the defendant's guilt or innocence. However, a trial judge, unlike a juror, is trained by learning and experience to segregate evidence bearing on a confession's voluntariness from evidence bearing on its reliability and the defendant's culpability.

*Id.* at 1304. This distinction is equally true for both state and federal court judges. The petitioner's claim that he was impermissibly denied a *Jackson v. Denno* hearing in his state court bench trial must therefore fail.

The trial judge in this case heard the evidence of alleged coercion when Detective Payne was questioned on *voir dire.* Detective Payne admitted that he told the petitioner during interrogation that if he confessed, charges would not be brought against his wife. Although the court made no formal findings of fact on the voluntariness of the confession, a *de novo* federal evidentiary hearing is not necessary. The evidence of coercion was admitted by Detective Payne, and the petitioner has raised no additional evidence. Therefore, no factual dispute was presented which required the trial court to make findings.

■ Petitioner next argues that his confession should have been excluded as involuntary. Petitioner insists that his wife was not involved in the robbery and that his confession was therefore impermissibly induced by Detective Payne's threat to "file" on her. We disagree. Petitioner concedes in his reply brief that his wife drove him to the bar where the robbery took place. It is undisputed that petitioner's wife drove petitioner to the bar where he removed a shotgun from the trunk of the automobile and entered the bar. Based on these objective facts known by Detective Payne at the time of the interrogation, Detective Payne had probable cause to arrest the petitioner's wife for aiding in the commission of the robbery. The petitioner's confession was therefore not involuntary by reason of his desire to extricate his wife from a possible good faith arrest. *United States v. Diaz,* 733 F.2d 371, 374–75 (5th Cir.1984); *see also United States v. Mullens,* 536 F.2d 997, 1000 (5th Cir.1976).

■ Petitioner asserts next that he was denied the opportunity to contact counsel during interrogation. Although Texas has a contemporaneous objection rule, the petitioner failed to raise this objection at trial. When the petitioner raised the objection in his second state habeas application the Texas Court of Criminal Appeals denied relief, but articulated no reason for its denial of relief on this ground. In interpreting whether the decision of the Texas Court of Criminal Appeals amounted to a procedural default, we consider

> [w]hether the state court has used procedural default in similar cases to preclude review of the claim's merits, whether the history of the case would suggest that the state court was aware of the procedural default, and whether the state court's opinions suggest reliance upon procedural grounds or a determination of the merits.

*Preston v. Maggio*, 705 F.2d 113, 116 (5th Cir.1983). Based on *Preston*, we find that the Texas court's silence amounted to a procedural default. Texas state courts have consistently used procedural default on this issue in the past. *Parker v. State*, 649 S.W.2d 46, 53–55 (Tex.Crim.App.1983, no writ). Furthermore, the issue was raised in the Texas Court of Criminal Appeals and the habeas writ was nevertheless denied. We therefore cannot review this allegation of error because the petitioner has not shown "cause and prejudice" for the procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).

 Petitioner finally complains that his indictment was defective because it did not treat the elements of the offense in the same order as they are recited in the statute. The claim is frivolous: habeas corpus relief will not be granted unless the state indictment is so defective that the convicting court had no jurisdiction. *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir.1986).

AFFIRMED.