**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 97-50425
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALTON KNIGHT WILSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(P-96-CR-086)
June 3, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Dalton Knight Wilson appeals from his conviction for possession of marijuana seeds with intent to manufacture marijuana and attempt to manufacture and attempt to possess with intent to distribute marijuana. Wilson claims that the district court erred in admitting an involuntary confession, refusing to charge the jury on a lesser included offense, and equating a seed with a plant for sentencing purposes. We affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wilson contends that the district court erred in admitting his post-arrest confession because the statement was allegedly induced by threats to arrest his brother and to place his niece in the custody of a child-welfare agency or in foster care.  *See*, *e.g.*, *Brown v. Mississippi*, 297 U.S. 278, 286, 56 S. Ct. 461, 465, 80 L. Ed. 682 (1936).  While the ultimate issue of voluntariness is a legal question, subject to *de novo* review, we "must give credence to the credibility choices and findings of fact of the district court unless clearly erroneous."  *See United States v. Rogers*, 906 F.2d 189, 190 (5th Cir. 1990) (citations omitted).  The record demonstrates that at the time of his confession, Wilson was aware that arrangements had been made for his niece's mother to fly in from California and pick up the child that evening.  The record also reveals that at the time of Wilson's confession, federal agents had a good-faith basis for arresting Wilson's brother.  These facts do not demonstrate coercion in any relevant, legal sense, *see Allen v. McCotter*, 804 F.2d 1362, 1364 (5th Cir. 1986), and we therefore find no error in the district court's admission of the confession.

Wilson also claims that the district court erred by refusing to instruct the jury on the lesser included offense of simple possession of marijuana or simple possession of marijuana seeds. A defendant is not entitled to a lesser-included-offense instruction unless: "(1) the elements of the [purported lesser]

offense are a subset of the elements of the charged offense, and (2) the evidence at trial permits a jury to rationally find the defendant guilty of the lesser offense yet acquit him of the greater." *United States v. Lucien*, 61 F.3d 366, 372 (5th Cir. 1995). We review the district court's determination of the respective statutory elements *de novo*, but, absent an abuse of discretion, will accept the trial judge's conclusion as to the presence or absence of an evidentiary basis sufficient to warrant a requested lesser-included-offense instruction. *Id.* Wilson asserts that the jury could find him guilty of possessing marijuana with no intent to distribute or manufacture because Wilson admitted at trial to possessing a certain small "baggie" of marijuana, found near the front of Wilson's van. The possession of this marijuana, however, is irrelevant to the two counts of the indictment, which charged only possession of marijuana *seeds* with intent to manufacture marijuana, and *attempt* to manufacture and *attempt* to possess with intent to distribute marijuana. *See United States v. Deisch*, 20 F.3d 139, 142 (5th Cir. 1994) (holding that simple possession is not a lesser included offense of attempt to produce or attempt to possess with intent to distribute). As for an instruction regarding the lesser included offense of simple possession of marijuana seeds, we find no abuse of discretion in the district court's denial of this instruction. Wilson's defense rested on denying that he knew anything about the seeds, and that

-3-

the growing equipment found in the back of his van was for cultivating fruits and vegetables, not marijuana. This testimony does not provide a basis on which a rational jury could find Wilson guilty of simply possessing the seeds, but not guilty of intending to manufacture marijuana. *See United States v. Harrison*, 55 F.3d 163, 168 (5th Cir. 1995) (finding no error in the district court's refusal of a simple possession instruction when the indictment charged possession with intent to distribute and officers discovered a large amount of the drug in defendant's dresser, along with two "tools of the trade"——a loaded pistol and a large amount of cash).

With regard to his sentence, Wilson claims that the district court erred in: (1) concluding, as a matter of law, that a seed is a "plant" for purposes of 21 U.S.C. § 841(b)(1)(A)(vii), (2) punishing Wilson for the unindicted offense of manufacturing marijuana plants, as opposed to actual marijuana, and (3) refusing to calculate Wilson's sentence based on the actual weight of the seeds possessed, rather than on some hypothetical estimation of how many marijuana plants those seeds might produce. Even assuming that the district court's methodology was correct, Wilson claims that the district court erred by relying on speculative testimony regarding (1) the actual number of seeds possessed by Wilson and (2) the number of plants realistically producible from that number of seeds. In assessing Wilson's claims of error, we review the

-4-

district court's factual findings regarding the amount of seeds and what the seeds might produce only for clear error. *See United States v. Underwood*, 61 F.3d 306, 308 (5th Cir. 1995). The district court's application of the guidelines to those facts is reviewed *de novo*. *Id.*

We find no clear error in the district court's decision to credit the government's estimation of the number of seeds possessed by Wilson. The probation officer testified at Wilson's sentencing hearing that a DEA agent arrived at this estimate by weighing one seed, rounding up to the nearest gram, and then dividing that rounded number into the total weight of the seeds. The district court also granted Wilson's request for a period of several days in which to examine the actual seeds and report back to the court if he arrived at a number "substantially less" than the government's estimate of 2,720. Wilson never informed the court of the results of this endeavor.

As for the district court's alleged assumption that each of the 2,720 seeds, if planted, would produce a plant, we find this assumption, if indeed it was made, irrelevant to the district court's application of the Sentencing Guidelines. The district court followed the PSR in assigning Wilson a criminal history category of VI and an offense level of 37, based on Wilson's status as a "career offender." *See* U.S.S.G. § 4B1.1 ("A career offender's criminal history category in every case shall be Category VI.").

-5-

The PSR arrived at an offense level of 37 by crediting the government's estimation that Wilson was in possession of over 2,000 marijuana seeds, and then equating "one marijuana seed to one marijuana plant." The statutory maximum for an offense "involving over 1,000 marijuana plants," is life in prison, *see* 21 U.S.C. § 841(b)(1)(A)(vii), and the career offender provisions of the sentencing guidelines therefore established Wilson's offense level as 37. *See* U.S.S.G. § 4B1.1(a).

While Wilson is correct that a seed is not a "plant," at least within the meaning of § 841(b)(1)(A)(vii), *see United States v. Fitch*, 137 F.3d 277, 282 (5th Cir. 1998) ("For the purposes of . . . [21 U.S.C.] § 841(b) it is irrelevant whether the plants involved in the offense were alive, cut, harvested or processed when seized, *provided that they were alive sometime during the commission of the offense*.")(emphasis added); U.S.S.G. § 2D1.1, application note 18 ("For purposes of the guidelines, a 'plant' is an organism having leaves and a readily observable root formation."), Wilson fails to recognize that his attempt to manufacture offense will be punished as if he had in fact succeeded in using the seeds to manufacture marijuana. *See* U.S.S.G. § 2D1.1, background, cl. 4 ("In controlled substance offenses, an attempt is assigned the same offense level as the object of the attempt."). Assuming the success of the charged attempt, Wilson's offense would "involve over 1,000

marijuana plants,"[1] and § 841(b)(1)(A)(vii) would apply, meaning that the appropriate offense level is in fact 37.

Accordingly, we AFFIRM Wilson's conviction and sentence. Counsel's motion to be relieved of representation of Wilson is DENIED.

---

[1] In written objections to the PSR, Wilson points out that the government's expert established at trial that over a period of several days, only 25% of a sample of the seeds in Wilson's possession sprouted. Whatever this testimony might say about what Wilson *could* have done with this particular group of seeds, it says nothing about what he *intended* to do with them. *See*, *e.g.*, U.S.S.G. § 2D1.1, background, cl. 4 (providing that each marijuana plant will be presumed to produce the "average" yield of 100 grams of marijuana, even if the plant actually produces less, citing the general rule that attempts are punished as if accomplished). Wilson introduced no evidence at trial or sentencing indicating what he or the average person would expect to grow from a bag of over 2,000 seeds. Indeed, the only testimony regarding expected, rather than actual, sprout rates came from Agent Stokes, who stated that 80% was a "good" percentage of successful seedlings. We therefore find no clear error in the district court's determination that Wilson intended to produce at least 1,000 plants with the more than 2,000 seeds in his possession.