# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2012

No. 11-40548
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN M. AGUIRRE-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2621-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan M. Aguirre-Flores entered a conditional plea to one count of possession with intent to distribute a quantity in excess of five kilograms of cocaine. Aguirre-Flores's plea was conditioned on the right to appeal the district court's denial of his motion to suppress his confession. He contends that his confession was involuntary due to the unreasonable detention of him and his family, as well as threats that his wife would be charged with a crime if he did not confess.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the voluntariness of a confession de novo and the factual findings underlying a voluntariness determination for clear error. *United States v. Bell*, 367 F.3d 452, 460-61 (5th Cir. 2004). A finding is clearly erroneous if the reviewing court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1347 (5th Cir. 1994) (internal citation and quotation marks omitted). In determining whether a defendant has validly waived his *Miranda*[1] rights, we must look at the totality of the circumstances that surround the interrogation. *United States v. Foy*, 28 F.3d 464, 474 (5th Cir. 1994). If, under the totality of the circumstances, the statement results from a free and rational choice, then the statement is voluntary. *Bell*, 367 F.3d at 461. A defendant's waiver of his *Miranda* rights is effective only if the relinquishment of the right to remain silent is free of "intimidation, coercion, or deception." *United States v. Cardenas*, 410 F.3d 287, 293 (5th Cir. 2005).

The record indicates that any delay was due to the nature of the investigation at the United States border, and necessary to determine which occupants of the vehicle were involved in the smuggling of the cocaine into the country. *See United States v. Montoya de Hernandez,* 473 U.S. 531, 544 (1985). Furthermore, there is no evidence in the record that any delay on the part of the United States Custom and Border Patrol (CBP) officers was for the purpose of extracting a confession from Aguirre-Flores, or that the delay caused him to confess. *See United States v. Mullin*, 178 F.3d 334, 342 (5th Cir. 1999). Additionally, Aguirre-Flores's desire to extricate his wife from prosecution does not render his confession involuntary since the record indicates that the CBP officers had a good faith basis to arrest his wife. *See Allen v. McCotter*, 804 F.2d 1362, 1364 (5th Cir. 1986); *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984). Given the totality of the circumstances, there is no evidence that Aguirre-

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Flores's confession was the result of "intimidation, coercion, or deception." *Cardenas*, 410 F.3d at 293; *Bell*, 367 F.3d at 461.  Accordingly, the district court did not err in denying his motion to suppress.

AFFIRMED.