**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2012

No. 10-31149

Lyle W. Cayce
Clerk

JAMES E. DIVERS,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana

Before STEWART, Chief Judge, and ELROD and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

James Divers, a Louisiana prisoner serving consecutive life sentences for second-degree murder, appeals the district court's denial of his application for relief under 28 U.S.C. § 2254. We granted a certificate of appealability on the question of whether Divers waived his speedy trial rights under the Sixth Amendment. We conclude that the merits of Divers' speedy trial claim were adjudicated by the state courts, and the state courts' resolution of that claim was neither contrary to, nor involved an unreasonable application of federal law. Accordingly, the district court's denial of relief is AFFIRMED.

FACTUAL AND PROCEDURAL BACKGROUND

Divers was indicted in 1988 on two counts of first-degree murder. He was convicted of both counts in 1991 and sentenced to death. In September 1996, the Louisiana Supreme Court vacated the convictions because the trial court had refused to dismiss jurors unfairly predisposed to vote for the death penalty. *State v. Divers*, 681 So. 2d 320, 327 (La. 1996). Rehearing was denied that October, and the case was remanded for a new trial.

In April 1998, Divers filed a motion in state court to quash the original indictment for lack of prosecution, as over a year had elapsed since remand. *See* La. Code Crim. Proc. Ann. art. 582. The court denied the motion, in part because Divers' replacement counsel, serving because the prior counsel had been injured and was unable to appear, had waived all applicable prescriptive periods. A state appellate court denied Divers' motion for a supervisory writ because the record supported the trial court's finding that counsel had acted on Divers' behalf in moving for continuances. The Louisiana Supreme Court also denied the writ. *State v. Divers*, 742 So. 2d 874 (La. 1999). In 1999 Divers succeeded in having the indictment dismissed due to systemic racial discrimination in the selection of grand jury forepersons. The State unsuccessfully sought appellate review. *State v. Divers*, 793 So. 2d 308 (La. Ct. App. 2001).

On September 26, 2002, Divers was re-indicted on the two first-degree murder counts. In early 2003, the State reduced the charges to second-degree murder, for which Divers was found guilty and sentenced to two consecutive sentences of life imprisonment. A state appellate court affirmed the convictions and sentences. *State v. Divers*, 889 So. 2d 335 (La. Ct. App. 2004).

Divers filed a state court application for post-conviction relief on numerous grounds, including alleged infringement of his right to a speedy trial. The trial court concluded that Divers' contentions either lacked merit or had been adjudicated on direct appeal. The state appellate and supreme courts declined to review Divers' claims, issuing no opinion.

2

Divers then filed this Section 2254 petition in district court. The district court denied habeas relief, and Divers timely appealed. We granted a COA as to "[w]hether or not Divers was denied his Sixth Amendment right to a speedy trial and whether his purported waiver of that right was insufficient." The parties were ordered to brief "whether this claim was properly exhausted in the state court and whether it was properly raised to the federal district court."

### DISCUSSION

The Sixth Amendment guarantees that for "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The right to a speedy trial is applied to the states via incoporation by the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967). The Supreme Court has identified four factors that should be weighed in determining whether a defendant has been denied his speedy trial right: length of delay, reason for delay, assertion of the right by the defendant, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The district court considered the speedy trial claim on the merits, applying the *Barker* factors.

There is a question of whether Divers presented this issue to the state courts. The State concluded that Divers adequately presented this claim and it expressly waived any issue of exhaustion in state court. *See* § 2254(b)(1)(A). The exhaustion requirement "is not a jurisdictional prerequisite and, as a result, may be waived by the State." *Earhart v. Johnson*, 132 F.3d 1062, 1065 (5th Cir. 1998).[1] We accept the State's waiver. *See id.* at 1065-66.

### I.     Standard of Review

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant habeas relief on "any claim that was adjudicated on

---

[1] *See generally* 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4264.7 (3d ed. 2012).

the merits in State court proceedings" unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts." 28 U.S.C. §2254(d).

Our threshold inquiry is whether Divers' Sixth Amendment speedy-trial claim was adjudicated on its merits in the state court proceedings. If it was, then we may not grant relief unless the state courts' application of federal law was unreasonable. If not, then we review Divers' speedy trial claim "under pre-AEDPA standards of review," which is *de novo* for this mixed question of law and fact. *Henderson v. Cockrell*, 333 F.3d 592, 598 (5th Cir. 2003); *see United States v. Molina-Solorio*, 577 F.3d 300, 303-04 (5th Cir. 2009).

As for the appropriate standard of review, the State is amenable to our assessing the *Barker* factors *de novo* while Divers has analyzed the issues under AEDPA deferential standards. The governing standard of review is for this court to determine, not the parties. *Molina-Solorio*, 577 F.3d at 303. We examine the state court proceedings to determine how the speedy-trial arguments were presented and resolved.

In denying Divers' petition for post-conviction relief, the state habeas court found that with the exception of one claim not relevant here, his arguments had been "previously considered and rejected" by the intermediate appellate court and the supreme court. In light of this determination, we examine the "last clear state court decision of any substance." *Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010). The appeal from his second-degree murder convictions is the instructive decision. *State v. Divers*, 889 So. 2d 335, 356-57 (La. Ct. App. 2004).

The state court did not rest its decision on procedural grounds. It is not entirely evident whether the court applied the Sixth Amendment's right to a speedy trial or only the similar guarantees granted by Louisiana law. *See id.* (citing La. Code Crim. Proc. Ann. art. 582 and state caselaw). "When a federal claim has been presented to a state court and the state court has denied relief,

it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).

The state court opinion gives no contrary indication. Under the heading "Speedy Trial Violations," the court substantively addressed the issue of whether Divers' case had timely proceeded to trial. *State v. Divers*, 889 So. 2d 335, 356-57 (La. Ct. App. 2004). Although not explicitly invoking the U.S. Constitution or federal caselaw, the state court's analysis of state law went to the crux of the Sixth Amendment speedy trial analysis. AEDPA does not require state courts to explain their reasoning, "cite[,] or even be aware of" Supreme Court precedent before benefitting from deference. *Harrington*, 131 S. Ct. at 784.

Another circuit has written that deciding the merits of a case "using the language of state law is a common practice" for courts confronted with, often overlapping, federal and state claims. *Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) (en banc). Judging this a sound principle, we conclude that the Louisiana court should be considered to have resolved the federal constitutional speedy-trial issue on the merits even though only the similar state rules and authorities were mentioned. *See, e.g.*, *Priester v. Vaughn*, 382 F.3d 394, 397 (3d Cir. 2004) (applying AEDPA although "the Pennsylvania Superior Court cited only Pennsylvania law with no reference to federal law"); *Thomas v. Carroll*, 581 F.3d 118, 124 (3d Cir. 2009) ("Although the Delaware Supreme Court cited only state law in rejecting Thomas' claims, that decision is entitled to AEDPA deference," in part, because "those state authorities were consistent with applicable Supreme Court precedent.").

Affording deference here is particularly appropriate given that Divers' arguments to the state courts prominently featured the Louisiana Code, while giving comparatively less treatment to the federal Constitution.

We now turn to the merits of the Section 2254 application.

5

II.    *Speedy Trial Claim*

AEDPA imposes "a highly deferential standard for evaluating state-court rulings . . . ." *Amos v. Thornton*, 646 F.3d 199, 204 (5th Cir. 2011) (quotation marks and citation omitted). Even if the state court was apparently wrong, the decision must also be "objectively unreasonable, which is a substantially higher threshold." *Id.* (quotation marks and citation omitted).

"Very few petitioners" can make the requisite showing, and due to the somewhat indeterminate and fact-intensive nature of the speedy trial right, our "always-substantial deference is at an apex." *Id.* at 204-05. In resolving speedy trial issues, we are to consider: "(1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to speedy trial, and (4) prejudice to the defendant." *Id.* at 205 (quotation marks and citation omitted). These factors are guides that require a delicate balancing. *Id.*

1.    *Length of the Delay*

Divers faced three separate sets of charges. The second-degree murder convictions for which he is now incarcerated are based on an indictment issued only months before the June 2003 re-trial. Before that, the operative indictment dated to September 2002 when, following dismissal, new first-degree murder charges were issued. His original first-degree murder indictment dated to 1988.

Divers was in continuous custody from 1988 to 2003. He thus argues that the pages of the speedy-trial calendar kept turning for 15 years until the 2003 second-degree murder trial. The State disagrees. It considers 14 months to be the proper period for analysis. The State accepts the time from October 11, 1996, when the Louisiana Supreme Court denied reconsideration of its ruling reversing Divers' first-degree murder conviction until August 11, 1997, when Divers' attorney signed a joint motion to continue the trial. Second, the State points to a period of inaction from February 7, 2003, when the defense withdrew its pretrial motions, to the start of the second trial on June 2, 2003. According

to the district court, a slightly longer 17-month period was pertinent, measured from the remand for a new trial until Divers' April 1998 motion to quash.

Calculating time under the first *Barker* factor begins with "either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *Dillingham v. United States*, 423 U.S. 64, 65 (1975) (per curiam). When a defendant is free of the "actual restraints imposed by arrest," time periods between a withdrawn indictment and a reindictment do "not count for Sixth Amendment purposes." *United States v. Jackson*, 549 F.3d 963, 971 (5th Cir. 2008) (quotation marks and citation omitted); *see also United States v. Loud Hawk*, 474 U.S. 302, 310 (1986).

*Jackson* was a case involving multiple indictments. There we assumed that the initial charge started the period for the Sixth Amendment analysis, but exempted the time between the indictment's dismissal and its re-issuance because the defendant had not been in custody for the offense in the interim. *Jackson*, 549 F.3d at 971. In this case, Divers was not released from custody when the 1988 indictment was dismissed in 1999.

One year of delay is seen as a significant benchmark in the speedy trial analysis. *Goodrum v. Quarterman*, 547 F.3d 249, 257 (5th Cir. 2008). Because all the suggested time periods exceed one year, we conclude that Divers' case calls for "the full, four-step speedy-trial inquiry under *Barker*." *Amos*, 646 F.3d at 206. This first factor of length of delay weighs in Divers' favor.

2.     *Reason for the Delay*

Any "delays explained by valid reasons or attributable to the conduct of the defendant weigh in favor of the state." *Amos*, 646 F.3d at 207 (citation omitted). Virtually all of the delay in this case meets these criteria. Divers' appealed his conviction in 1991 and it was not resolved until October of 1996. In 1998, Divers filed to quash the indictment, then sought state appellate review

of the trial court's refusal. In 1999, the 1988 indictment was dismissed. Several years of interlocutory appeal by the State followed.

First, we consider the direct appeal.

> It has long been the rule that when a defendant obtains a reversal of a prior, unsatisfied conviction, he may be retried in the normal course of events. . . . This rule has been thought wise because it protects the societal interest in trying people accused of crime . . . and because it enhances the probability that appellate courts will be vigilant to strike down previous convictions that are tainted with reversible error.

*Loud Hawk*, 474 U.S. at 313 (quotation marks and citation omitted).

This balance of interests "would be seriously undercut by an interpretation given the Speedy Trial Clause that raised a Sixth Amendment obstacle to retrial following successful attack on conviction." *Id.* (quotation marks and citation omitted). Divers benefitted from the five years of appeal; a prejudicially imposed death sentence was lifted. Later a fairly constituted jury would convict him of a lesser degree of murder.

Nor is his claim strengthened by the passage of time after his motion to quash was denied. "A defendant who resorts to an interlocutory appeal normally should not be able upon return to the [trial] court to reap the reward of dismissal for failure to receive a speedy trial." *Id.* at 316.

Considerable delay arose from litigation and negotiations over Divers' pretrial motions. The time spent negotiating with Divers' attorneys over how to manage and respond to his counsel's frequent motions between the 1988 indictment and 1991 trial, as well the 97 defense motions after remand was "wholly justifiable." *Molina-Solorio*, 577 F.3d at 305 (quotation marks and citation omitted). "The essential ingredient is orderly expedition and not mere speed." *United States v. Ewell*, 383 U.S. 116, 120 (1966) (quotation marks and citation omitted). The state court further found that after a new trial was ordered, his lawyer's injury contributed to the delay. *See State v. Divers*, 889 So.

2d at 356; § 2254(e) (explaining that a fact finding "made by a State court shall be presumed to be correct").

Fairminded jurists could conclude that it is not objectively unreasonable to weigh this factor decisively against Divers. *Harrington*, 131 S. Ct. at 786.

### 3.    *Diligent Assertion of Right*

This last factor is "whether, in due course, the defendant asserted his right to a speedy trial." *Doggett*, 505 U.S. at 651. We consider Divers' motion to quash his indictment an assertion of his speedy trial right. *See United States v. Cardona*, 302 F.3d 494, 499 (5th Cir. 2002). Simply asserting this right, though, "does not automatically cause this factor to weigh in a defendant's favor," as a "defendant who waits too long to assert his right will have his silence weighed against him." *Molina-Solorio*, 577 F.3d at 306. Waiting fourteen months until asserting the right to a speedy trial has caused us to count this factor against a defendant. *United States v. Parker*, 505 F.3d 323, 330 (5th Cir. 2007). The fact that Divers delayed his objection for 17 months after remand until April 24, 1998, significantly impairs his claim. He also requested several continuances before filing the motion to quash. *State v. Divers*, 889 So. 2d at 356. The state court concluded that, at least as to the prescriptive period under Louisiana law, counsel for Divers affirmatively waived any objection. *Id.* at 357.[2] This conclusion is sound.

### 4. *Prejudice to the Defendant*

When assessing the first three factors, we decide "whether the defendant bears the burden to put forth specific evidence of prejudice (or whether it is presumed)." *Cardona*, 302 F.3d at 498 (quotation marks and citation omitted). Given that, at best, Divers can claim only one factor in his favor, the burden rests with him. *See Amos*, 646 F.3d at 208 n.42 (discussing that we previously

---

[2] The State has not pursued the argument invited by our COA concerning whether Divers waived his constitutional right to a speedy trial; we do not consider that possibility.

found no presumption of prejudice warranted despite "two of the first three *Barker* factors weigh[ing] heavily in the defendant's favor") (citation omitted).

Divers has not identified any actual prejudice. Prejudice accounts for at least these interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Neither of the first two concerns are implicated because either justifiable government actions or steps by Divers' own counsel contributed to most of the delay in this case. The third consideration is the "most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* On this consideration, Divers points to nothing specific on appeal for us to evaluate.

Divers' road to his present conviction has been unusual and protracted. Still, based upon the absence of prejudice, the justifiable nature of the delay, and his failure to make a timely invocation of his speedy-trial right, fairminded jurists could conclude that it is not objectively unreasonable to reject the claim of a Sixth Amendment violation here.

AFFIRMED.

Chief Judge Stewart concurs in the judgment only.