# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60084

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2017

Lyle W. Cayce
Clerk

SHAWN M. STATES,

>Petitioner - Appellant

v.

PELICIA HALL, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS,

>Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-226

Before DAVIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Shawn M. States, who was convicted on two counts of capital murder and received life sentences, proceeds *pro se* and contests the denial of habeas relief under 28 U.S.C. § 2254. When considering the denial of such relief, we review the issues of law *de novo* and findings of fact for clear error, applying the same deference to the state-court's decision as the district court under the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60084

Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim that was adjudicated on the merits in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). Deference under § 2254(d) applies where the state court has adjudicated the claims on the merits pursuant to a summary ruling that lacks explicit reasons, as the Mississippi Supreme Court did here. *See Harrington v. Richter*, 562 U.S. 86, 98-99 (2011). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 98.

As permitted by the certificate of appealability ("COA") granted by the district court, States claims: (1) his state and federal speedy trial rights were violated; (2) his counsel was ineffective in failing both to raise the speedy trial issue and to move to suppress his post-arrest statement on the ground that it was coerced; and (3) the jury instruction on flight was in error. States also claims the admission of his post-arrest statement was in error; but, because neither this court, nor the district court, awarded him a COA on that claim, the court lacks jurisdiction to consider it. *See Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009); *see also* 28 U.S.C. § 2253(c).

Likewise, to the extent States contends, for the first time on appeal, that his conviction should be reversed on grounds of cumulative error, his claim falls outside the scope of the COA and cannot be considered. *See Carty*, 583 F.3d at 266. States also requests in his reply brief, for the first time, an

No. 16-60084

expanded COA to include his substantive challenge to the admission of his post-arrest statement and contends that the district court erred in denying relief on the claim without first holding an evidentiary hearing. This court will not consider these untimely issues because they were not presented in States's opening brief. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

## I.

The court now considers States's first issue on appeal: whether his right to a speedy trial was violated. To the extent States contends the delay between his arrest and trial violated his right to a speedy trial under Mississippi law, that claim is not cognizable. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[F]ederal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (internal punctuation and citations omitted). States's federal speedy trial claim must be considered under *Barker v. Wingo*'s four-factor test. 407 U.S. 514, 530-32 (1972). The 36-month delay between his 2007 arrest and 2010 trial is sufficient to trigger consideration of the claim under the first *Barker* factor. *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003) (recognizing that delays exceeding one year require further examination of the remaining *Barker* factors).

The second *Barker* factor, reason for delay, is equally attributable to both parties. *See Goodrum v. Quarterman*, 547 F.3d 249, 258-59 (5th Cir. 2008). There is no explanation for delays between November 2008 and April 2009, and again between August 2009 and January 2010. The record indicates that States agreed to multiple trial continuances, and States does not allege that the state intentionally delayed trying his case to gain an unfair advantage. Accordingly, this factor does not weigh heavily in State's favor.

Under the third *Barker* factor, assertion of the right to a speedy trial, the magistrate judge determined that States had not diligently asserted his right

No. 16-60084

to a speedy trial. States contends that he sent a letter to the trial court to assert his "hope to have a fair and speedy trial" in September 2007. He claims he sent a second letter in March 2010 when he was informed that the first letter had been misplaced. States does not produce any evidence to substantiate this assertion. Even assuming that States mailed these letters to the trial court, this factor does not weigh in his favor because he fails to demonstrate that he vigorously complained about the delay over the course of the remaining 32 months before trial. *Id.* at 259; *United States v. Parker*, 505 F.3d 323, 329-30 (5th Cir. 2007).

Because the first three *Barker* factors do not weigh heavily in States's favor and because the delay was less than five years, *see Goodrum*, 547 F.3d at 260, States bears the burden under the fourth factor to demonstrate actual prejudice from the delay. *United States v. Bishop*, 629 F.3d 462, 465 (5th Cir. 2010). Prejudice should be assessed in light of speedy trial interests, including: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense was impaired by the delay. *Barker*, 407 U.S. at 532. States claimed in his previous habeas petitions that he was prejudiced because he was forced to live in substandard conditions where he was under the threat of sexual assault and physical abuse. States also claimed he was prescribed anti-depressants and was placed on suicide watch. States further alleged that his defense was prejudiced because he was unable to locate three Spanish-speaking witnesses. States fails to carry his burden because he neglects to renew his allegations raised below. *See Yohey*, 985 F.2d at 224-25; *see also Divers v. Cain*, 698 F.3d 211, 219 (5th Cir. 2012). Accordingly, he has abandoned any argument that he suffered actual prejudice. *See Yohey*, 985 F.2d at 224-25 (stating that arguments not briefed on appeal are deemed abandoned); *see also Divers*, 698

No. 16-60084

F.3d at 219 (rejecting the defendant's speedy trial claim where he failed to brief any argument identifying actual prejudice).

## II.

States next alleges ineffective assistance of counsel claims. Inasmuch as States maintains his trial counsel was ineffective for failing to raise a federal speedy trial claim, the claim necessarily fails. Counsel was not ineffective for refusing to raise a meritless issue. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Inasmuch as States brings an ineffective assistance of counsel claim for failing to raise a Mississippi statutory speedy trial violation, that claim also necessarily fails. The Mississippi Supreme Court denied States's claim that counsel was ineffective for failing to raise a Mississippi statutory speedy trial violation claim. States does not make the requisite showing that counsel's error fell below an objective standard of reasonableness and that but for counsel's poor performance, the result of the trial and proceedings below would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

States's claim that trial counsel was ineffective for failing to file a motion to suppress his post-arrest statement on the ground that it was coerced is similarly unavailing. Threats to withhold access to a defendant's loved ones or to somehow burden them until or unless the defendant confesses can raise coercion issues. *See Rogers v. Richmond*, 365 U.S. 534, 540-45 (1961). However, these concerns are attenuated when the family member or loved one is plausibly tied to the crime. *See Allen v. McCotter*, 804 F.2d 1362, 1364 (5th Cir. 1986).

In *Allen v. McCotter*, the defendant-petitioner argued that his confession to attempted robbery was involuntary where, during the defendant's interrogation, the investigating detective threatened to file charges against the defendant's wife unless he confessed. *See id.* at 1363-64. This court found that

No. 16-60084

because the defendant' wife drove him to the bar where the attempted robbery occurred, probable cause existed to arrest her as well; therefore, petitioner's confession resulted from a constitutionally-permissible warning regarding a "possible good faith arrest." *See id.* at 1364.

States, here, finds himself positioned in much the same way as the defendant in *Allen. See id.* at 1363. States argues that the officers' promises to release his girlfriend, Ariana Torrenegra, if States told the truth, combined with a desire not to "further jeopardize" Torrenegra, motivated him to "create a story" based on lies. As with the defendant's wife in *Allen*, the police here also had substantial probable cause to arrest Torrenegra. *See id.* at 1364. Officers arrested Torrenegra in a stolen car belonging to one of the victims. She admitted to using one of the victim's credit cards. The officers' promise to let Torrenegra walk free was within the department's discretion. Any implicit threats to continue investigating Torrenegra were constitutionally permissible given her likely involvement in the crime. *See id.* Therefore, giving the state court deference that AEDPA requires, merely invoking Torrenegra's name in this way was not enough to render States's subsequent statements involuntary. *See id.*

### III.

Finally, States contends that the trial court's jury instruction regarding flight violated his due process rights. Improper jury instructions in state criminal trials do not generally entitle § 2254 petitioners to federal relief and will only do so when the error in the jury charge "so infected the entire trial that the resulting conviction violates due process." *Galvan v. Cockrell*, 293 F.3d 760, 764-65 (5th Cir. 2002) (internal quotations omitted). An error is harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal

quotations omitted). Harmless error does not warrant habeas relief. *Galvan*, 293 F.3d at 765.

The state supreme court determined that, although a jury instruction on flight was unwarranted, any error was harmless given the overwhelming evidence of his guilt. *States v. State*, 88 So. 3d 749, 758 (Miss. 2012). States contends that this assumption is unfair; but, he points to no evidence showing that the error was not harmless. States fails to demonstrate that the trial court's flight instruction amounted to a federal due process violation. *See Yohey*, 985 F.2d at 224-25; *see also Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Galvan*, 293 F.3d at 764-65.

Accordingly, the district court's denial of States's § 2254 petition is AFFIRMED.