UNITED STATES of America

v.

Hugo Armando CONTRERAS–
DEL TORO.

Crim. No. L–95–52.

United States District Court,
S.D. Texas,
Laredo Division.

April 7, 1995.

Oscar J. Pena, Laredo, TX, for Hugo Armando Contreras–Del Toro.

Michael F. Gallagher, U.S. Atty.'s Office, Laredo, TX, for plaintiff.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant's motion to suppress, which was heard on April 3, 1995. The essential background facts are stated in Defendant's letter-brief of April 4, 1995, except as modified hereafter.

■ The question is whether this Defendant's oral confession was given voluntarily. The ultimate test is whether the confession was the product of an essentially free and unconstrained choice, or whether the Defendant's will was overborne and his capacity for self-determination critically impaired. *Culombe v. Connecticut,* 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961). Defendant's claim that a confession is involuntary if it is "obtained by any direct or implied promises, however slight" is inaccurate. Despite broad language to that effect in some Supreme Court opinions, it is clear from the caselaw that "government agents may validly make some representations to a defendant or may discuss cooperation without rendering the resulting confession involuntary." *United States v. Shears,* 762 F.2d 397, 401 (4th Cir.1985).

■ Defendant's motion is based on three propositions. First, he contends that he was promised that if he confessed, the agents would advise the prosecutor "so that (the defendant) could get a reduced sentence." The evidence indicates that before making incriminating statements, the Defendant asked something to the effect of "What's in it for me if I talk?" The agents replied that any cooperation on the part of the Defendant would be made known to the prosecutor. This statement does not render a confession involuntary. *United States v. Nash,* 910 F.2d 749, 752–53 (11th Cir.1990). Defendant insists that the agents added that they would recommend to the prosecutor a reduced sentence. He conceded, however, that no one stated the amount of any proposed reduction, nor what would be the sentence without a reduction, nor that any recommendation would be binding. Under these circumstances, even were that statement made, the confession would not be involuntary. *See United States v. Ballard,* 586 F.2d 1060, 1062–63 (5th Cir.1978). An official who encourages cooperation with the Government and who informs the defendant of realistic penalties for cooperation and/or non cooperation does not offer an illegal inducement. *United States v. Mendoza–Cecelia,* 963 F.2d 1467, 1475 (11th Cir.1992).

■ Defendant also complains that he was told his girlfriend would be released if he would confess. Defendant was apprehended at an international port of entry in a van loaded with marihuana. He was accompanied by another male and two females. Since the agents were only beginning their investigation, they had at least a *prima facie* case against all of the occupants, who had admittedly been together for a long time in a journey from Illinois to the interior of Mexico and back to the border. The agents' version, which is more credible, is that this Defendant was simply told that if his statement exonerated his travelling companion, charges would likely be dismissed against her. A confession motivated by desire to extricate a friend or relative from a possible good-faith arrest is not involuntary. *Allen v. McCotter,* 804 F.2d 1362, 1364 (5th Cir.1986). What renders a confession involuntary is not *any* threat or promise, but rather a threat or promise of illegitimate action. *United States v. Kolodziej,* 706 F.2d 590, 594 (5th Cir.1983). Thus it is not illegitimate, for example, to tell a defendant that if both she and her husband are taken into custody, some provision must be made for a minor daughter and that if the defendant did not want her own parents informed, her daughter would have to be placed with welfare authorities. *Id.* Similarly, in the instant case it would not be illegitimate to tell this Defendant that if the agents' investigation disclosed that a passenger were not culpable, charges against her would be dropped.

■ Finally, Defendant suggests that his confession was influenced by a misrepresentation as to what another occupant of the van, Martin Acevedo, had told the agents. From the evidence, it is true that Acevedo did not explicitly implicate the Defendant. Nevertheless, it is also true that based on the physical facts known to the agents and the statements made by Acevedo, it was clear

that Acevedo was intending to disclaim all liability for contraband and place the responsibility on the Defendant. Factual misstatements and untrue suggestions do not automatically vitiate a confession. *Evans v. Dowd*, 932 F.2d 739, 742 (8th Cir.1991). The Court finds that there was no real misrepresentation as to the statements given by Acevedo. The agents did admittedly "bluff" concerning alleged statements given by the female passengers but under the totality of the circumstances, the Court concludes that this did not affect the voluntariness of the confession.

For all the foregoing reasons, the motion to suppress is DENIED.