COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


LEVI JUNIUS HILL, JR.
                                                            OPINION BY
v.        Record No. 1104-07-1                    JUDGE ROBERT P. FRANK
                                                            JULY 15, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel Taylor Powell, III, Judge

John D. Konstantinou (Williamsburg Law Group, PLC, on brief), for
appellant.

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Levi Junius Hill, Jr., appellant, was convicted in a bench trial of possession of cocaine

with the intent to distribute in violation of Code § 18.2-248. On appeal, appellant contends that

the trial court erred in denying his motion to suppress his statement to police. He argues that his

statement was coerced because a police officer threatened to prosecute appellant's sister for

possession of the cocaine unless appellant claimed ownership. For the following reasons, we

find that the trial court did not err in denying appellant's motion to suppress and we affirm his

conviction.

BACKGROUND

In the early morning hours of October 5, 2005, Officers Geary and Johnson of the

Williamsburg Police Department responded to a report of a suspicious white Ford in the parking

lot of a 7-Eleven convenience store. Appellant was a passenger in the front seat of the vehicle.

After some investigation, the officers removed appellant from the vehicle and eventually

discovered that appellant had an outstanding warrant for his arrest.[1]  While the officers were attempting to place appellant under arrest for the outstanding warrant, appellant dropped a baggie containing cocaine to the ground.  Appellant was placed under arrest for the cocaine in the baggie, as well as for the outstanding warrant.  A search of appellant's person incident to the arrest yielded marijuana, powdered cocaine, and two small rocks of crack cocaine.  After being read the warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), appellant stated that the marijuana and cocaine were his and that he planned to sell them.  The officers took appellant to the Virginia Peninsula Regional Jail, where he was processed.

Shortly thereafter, at approximately 3:30 a.m., the same officers were dispatched to the White Lion Motel, located near the 7-Eleven involved in the earlier incident.  The caller reported that a female was possibly tampering with a green SUV in their parking lot and that the female did not reside at the motel.  As the officers were responding to that report, dispatch informed them that the green SUV had moved to the parking lot of the 7-Eleven.  Upon arriving, the officers found the green SUV parked next to the same white Ford where they had encountered appellant earlier that evening.

Appellant's sister was in the driver's seat of the green SUV, and explained that she had allowed her brother to borrow the SUV.  Officer Geary asked her for her driver's license and registration, and she complied.  When appellant's sister opened the glove compartment to retrieve her registration, Officer Geary saw what he believed to be cocaine.  The woman quickly closed and locked the compartment.  Officer Geary told the female he thought he saw the registration in the compartment, and the woman again opened it.  Officer Geary then positively

---

[1] The incidents involving the detention, seizure, and search of appellant are not subjects of this appeal.

observed cocaine. He found what he estimated to be fifty to sixty grams of cocaine inside of a toothbrush box within the glove compartment.

Officer Geary placed the female in custody and took her to the Virginia Peninsula Regional Jail. When they arrived at the jail, Officer Geary saw appellant. Appellant had already been booked, but was still in the waiting area. Officer Geary wanted to ask appellant some questions about the green SUV. Officer Geary again advised him of his rights, and told appellant that they found cocaine in the green SUV. Appellant "appeared visibly upset because he was afraid his sister was going to get in trouble . . . ." Officer Geary testified, "I said to him his sister could be in a lot of trouble and the more he explains, the better off they'd be." Officer Geary continued, "I told him that - - because I wasn't convinced that it was her cocaine in the car, and I told him that the more he cooperates with me, the better off she would be." Appellant then stated all the cocaine found in the green SUV was his. He detailed how it was packaged, how much it weighed, and where in the SUV it was located.

At the hearing on the motion to suppress, appellant testified that because Officer Geary could not guarantee that he would let his sister go if he claimed ownership of the cocaine, appellant asked to speak to Officer Geary's lieutenant. Appellant said he spoke briefly with the lieutenant by telephone, and the lieutenant assured him they would let his sister go if appellant took responsibility for the cocaine. Appellant then signed a statement taking responsibility for all of the drugs in the green SUV.

In ruling on appellant's motion to suppress, the trial court found that appellant's sister was validly charged with possession of the drugs. The trial court ruled that appellant's statement was voluntary and not coerced, and denied appellant's motion to suppress.

This appeal follows.

ANALYSIS

"On appeal from a denial of a suppression motion, we must review the evidence in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences." Slayton v. Commonwealth, 41 Va. App. 101, 103, 582 S.E.2d 448, 449 (2003). On appeal, "we defer to the trial court's findings of 'historical fact' and give 'due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" Barkley v. Commonwealth, 39 Va. App. 682, 690, 576 S.E.2d 234, 238 (2003) (quoting Davis v. Commonwealth, 37 Va. App. 421, 429, 559 S.E.2d 374, 378 (2002)).

Appellant's sole contention is that his statement was not voluntary because it was induced by Officer Geary's threat to prosecute his sister if he did not confess to ownership of the cocaine in the SUV. Under the facts of this case, we disagree with appellant.

The Supreme Court of Virginia has held that "a confession may be involuntary and hence inadmissible when induced by threats to prosecute members of the confessor's family." Tipton v. Commonwealth, 224 Va. 256, 262, 295 S.E.2d 880, 883 (1982). "[T]he question in each case is whether the defendant's will was overborne at the time he confessed. If so, the confession cannot be deemed 'the product of a rational intellect and a free will.'" Lynumn v. Illinois, 372 U.S. 528, 534 (1963) (quoting Blackburn v. Alabama, 361 U.S. 199, 208 (1960)) (other citations omitted). "This Court must make an independent evaluation of the evidence to determine whether [appellant's] statement was voluntary. In doing so, we may rely upon the observations of the trial judge and his findings of fact, except as to the ultimate issue of voluntariness." Gwaltney v. Commonwealth, 19 Va. App. 468, 472-73, 452 S.E.2d 687, 689 (1995).

> In assessing the voluntariness of a confession on appeal, "we must [independently] determine whether, in light of the totality of the circumstances, including not only the details of the interrogation, but also the characteristics of the accused, the statement was the product of an essentially free and unconstrained

> choice by its maker, or whether the maker's will was overcome
> and his capacity for self-determination critically impaired."

Novak v. Commonwealth, 20 Va. App. 373, 386-87, 457 S.E.2d 402, 408 (1995) (quoting

Goodwin v. Commonwealth, 3 Va. App. 249, 253, 349 S.E.2d 161, 163-64 (1986)) (alteration in

original). "Inasmuch as the degree of pressure necessary to crush one's will varies with the

individual and the circumstances of the arrest and detention, a finding of coercion and

involuntariness must be based upon a careful consideration of the totality of the circumstances."

Ferguson v. Boyd, 566 F.2d 873, 877 (4th Cir. 1977) (citing Schneckloth v. Bustamonte, 412

U.S. 218, 226 (1973)).

The voluntariness issue is a question of law requiring an independent determination on

appeal. See Wilson v. Commonwealth, 13 Va. App. 549, 551, 413 S.E.2d 655, 656 (1992). In

making that independent determination, however, "we are bound by the trial court's subsidiary

factual findings unless those findings are plainly wrong." Id.

Voluntariness is not equated with the absolute absence of intimidation. United States v.

Pelton, 835 F.2d 1067, 1072 (4th Cir. 1987). "[A] confession is not *per se* invalid merely

because the confessor implicates himself in an effort to secure the best possible disposition of a

charge pending against a relative or friend." Ferguson, 566 F.2d at 878 n.7.

In assessing the individual facts of this case, the trial court found that 1) appellant

appeared to be an intelligent individual, 2) appellant has had prior experience with police,

3) there was no indication of drug use on this particular evening, 4) there was no evidence of

mental instability or disability, 5) there was no evidence of deprivation of physical comfort, and

6) appellant was not a person of "tender years." The court then noted that the police did not use

trickery or deceit. The court reasoned that the only remaining issue is whether the police used

"psychological pressure" by telling appellant that his sister was charged with possession of the drugs recovered from the SUV.[2]

On brief, appellant relies exclusively on Tipton, 224 Va. 256, 295 S.E.2d 880, to persuade us that his conviction should be reversed. We read Tipton differently. The issue in Tipton was simply whether the trial court erred in not allowing evidence concerning the voluntariness of a defendant's confession. While we agree that Tipton is instructive on the rules regarding admissibility of confessions, Tipton merely holds that the trial court must hear all relevant evidence in determining whether a confession was procured by threats. Tipton, 224 Va. at 262, 295 S.E.2d at 882 ("Where the issue of admissibility turns upon voluntariness, the court should hear all pertinent evidence on the subject."). Tipton does not hold that a threat to prosecute a family member is a *per se* violation, nor does Tipton instruct on what quantum of evidence is necessary to render a confession involuntary and therefore inadmissible.

We also find the Supreme Court of Virginia's decision in Hammer v. Commonwealth, 207 Va. 135, 148 S.E.2d 878 (1966), distinguishable on its facts. In Hammer, the Court found appellant's incriminating statement inadmissible because the Chief of Police required Hammer to make the statement as a condition to the Chief's promise to refrain from prosecuting members of Hammer's family. Id. at 148, 148 S.E.2d at 886. The appellant in Hammer was accused of breaking and entering with the intent to commit rape. Id. at 137, 148 S.E.2d at 878. He ultimately confessed to that offense after the police threatened to prosecute his parents for possession of stolen property that was recovered from the home he shared with his parents. Id. at 147, 148 S.E.2d at 885. In Hammer, the parents were not yet arrested, and the record is unclear

---

[2] Appellant does not challenge the trial court's other factual findings. The only issue raised by appellant is the trial court's ruling as to the psychological pressure applied by the officers.

whether the arrest would have been valid or unjustified.  In other words, the <u>Hammer</u> analysis addressed a threat to prosecute potentially innocent parties as an act of retribution.

Here, appellant's sister was already validly arrested pursuant to probable cause.  The question is whether a promise to forgo a valid prosecution against a lawfully charged party is coercive.  We find that appellant's desire to extricate his sister from a valid arrest does not in itself render his confession involuntary.

Other jurisdictions have also held that a desire to disentangle a family member from a good faith arrest does not render a confession involuntary.  In <u>Allen v. McCotter</u>, 804 F.2d 1362 (5th Cir. 1986), the United States Court of Appeals for the Fifth Circuit examined whether a confession was voluntary in light of arrest threats against a defendant's family members.  The appellant's wife had driven him to a bar where he was going to sell a shotgun.  <u>Id.</u> at 1363.  The prospective purchaser did not arrive, and defendant "tried to rob" the bar at gunpoint.  <u>Id.</u> During his post-arrest interrogation, a police detective told defendant that because his wife was "directly involved" in the robbery, charges could be filed against her; however, if he confessed, the detective told him that the police would not file charges against his wife.  <u>Id.</u>  Appellant confessed, and the court held that his confession was voluntary:

> Petitioner . . . argues that his confession should have been excluded as involuntary.  Petitioner insists that his wife was not involved in the robbery and that his confession was therefore impermissibly induced by Detective Payne's threat to "file" on her.  We disagree.  Petitioner concedes in his reply brief that his wife drove him to the bar where the robbery took place.  It is undisputed that petitioner's wife drove petitioner to the bar where he removed a shotgun from the trunk of the automobile and entered the bar.  Based on these objective facts known by Detective Payne at the time of the interrogation, Detective Payne had probable cause to arrest the petitioner's wife for aiding in the commission of the robbery.  The petitioner's confession was therefore not involuntary by reason of his desire to extricate his wife from a possible good faith arrest.

Id. at 1364.  See also United States v. Stewart, 353 F. Supp. 2d 703, 707 (E.D. La. 2004) ("Any threat to arrest [appellant's] family members if [appellant] did not confess would therefore have been in good faith.  [Appellant's] desire to extricate them from the consequences of a good faith arrest does not render his statements involuntary." (footnote omitted)); United States v. Contreras-Del Toro, 892 F. Supp. 159, 160 (N.D. Tex. 1995) ("A confession motivated by desire to extricate a friend or relative from a possible good-faith arrest is not involuntary.  What renders a confession involuntary is not any threat or promise, but rather a threat or promise of illegitimate action." (citation omitted)), aff'd, 129 F.3d 612 (5th Cir. 1997); United States v. Mullens, 536 F.2d 997, 1000 (2d Cir. 1976) (noting that no federal court has yet held that a confession or consent is involuntary solely on the ground that it was prompted by the defendant's desire to shield a relative from the rigors of arrest, interrogation, and possible confinement).

It is undisputed that appellant's sister was driving a vehicle that contained fifty to sixty grams of cocaine.  The sister attempted to conceal the drugs from Officer Geary as she was retrieving the vehicle registration from the glove compartment.  Based on these facts, Officer Geary had probable cause to arrest appellant's sister for possession of cocaine.  Indeed, the trial court found the arrest was valid.  We find that Officer Geary's intimation that appellant's sister may be prosecuted was based on fact and was not an act of retribution.  Although appellant may have felt a genuine concern for his sister and the circumstances may have presented a difficult choice for appellant, the facts here do not show that appellant was coerced.  Officer Geary was accurately informing appellant of the possible consequences of his and his sister's illegal acts.  Thus, we conclude that appellant was not induced to incriminate himself in order to exculpate his sister.

## CONCLUSION

For the foregoing reasons, we conclude that appellant's incriminating statement concerning ownership of the cocaine located in the green SUV was voluntary. The trial court did not err in denying appellant's motion to suppress.

Affirmed.
