COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Decker, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia


NAQUON LEE MATHIS
                                          MEMORANDUM OPINION* BY
v.        Record No. 1309-16-2             JUDGE JEAN HARRISON CLEMENTS
                                          OCTOBER 31, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Edward A. Robbins, Jr., Judge

Michael Wayne Lee (Lee & Piracci, PLC, on brief), for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Pursuant to a conditional guilty plea, NaQuon Lee Mathis was convicted of driving with

a suspended license, driving with defective equipment, possession of marijuana, carrying a

concealed firearm, and possession of a firearm by a convicted felon. On appeal, Mathis contends

the trial court erred by denying his motion to suppress evidence. Specifically, he argues the trial

court erred when it "characterized the police-citizen contact as consensual because [he] was

seized for purposes of the Fourth Amendment when he began complying with the officer's

orders." Finding no error in the trial court's decision, we affirm appellant's convictions.

BACKGROUND

"In reviewing the denial of a motion to suppress, we 'consider the facts in the light most

favorable to the Commonwealth, the prevailing party at trial.'" Hairston v. Commonwealth, 67

Va. App. 552, 560, 797 S.E.2d 794, 798 (2017) (quoting Malbrough v. Commonwealth, 275 Va.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

163, 168, 655 S.E.2d 1, 3 (2008)). "It is the appellant's burden to show that when viewing the evidence in such a manner, the trial court committed reversible error." Id.

So viewed, the evidence proved that late at night on June 24, 2015, Officer Eric Allen received a dispatch concerning two people smoking marijuana in a car located in an apartment complex parking lot. Allen responded to the location, parked ten to twenty feet from the suspect vehicle, and approached it on foot. Allen testified he did not block the car's egress and did not activate his cruiser's emergency equipment. He approached the driver's side of the car and observed appellant in the front passenger seat and another man in the driver's seat.

While having what Allen described as a "casual conversation" with the car's driver, Allen noticed appellant appeared extremely nervous and that he was "digging in his right front pants pocket." Allen "just told him to keep his hand out of his pockets for [Allen]." Appellant removed his hand from his pocket, but then opened his window. Allen "told him to roll it back up at that point." Appellant did, but then began opening his door. As Allen walked to the other side of the car, he saw appellant reach down and place an item beneath his seat. Allen explained that at that point during the encounter, his tone became "more directive" than it had been previously. Allen told appellant to close the car door and asked him what he had put under his seat. Appellant responded, "nothing." Allen looked through the front windshield, shined his flashlight under the front seat, and "could see the hand grip of a firearm." Allen then ordered appellant to exit the vehicle and get on the ground. Appellant complied. Allen handcuffed appellant and placed him in a police vehicle. Thereafter, Allen recovered a loaded firearm from beneath the seat along with a pill bottle containing marijuana. Appellant also carried a smoking device on his person which he admitted was used to ingest marijuana.

ANALYSIS

Whether a police-citizen encounter constitutes a seizure, thereby implicating the Fourth Amendment, presents a mixed question of law and fact, requiring independent appellate review. See Watson v. Commonwealth, 19 Va. App. 659, 663, 454 S.E.2d 358, 361 (1995). "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Bland v. Commonwealth, 66 Va. App. 405, 412, 785 S.E.2d 798, 801 (2016) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*)). "[T]he question whether a person has been seized in violation of the Fourth Amendment is reviewed *de novo* on appeal." Reittinger v. Commonwealth, 260 Va. 232, 236, 532 S.E.2d 25, 27 (2000).

> A consensual encounter occurs when police officers approach persons in public places to ask them questions, provided a reasonable person would understand that he or she could refuse to cooperate. Such encounters need not be predicated on any suspicion of the person's involvement in wrongdoing, and remain consensual as long as the citizen voluntarily cooperates with the police.

Andrews v. Commonwealth, 37 Va. App. 479, 489, 559 S.E.2d 401, 406 (2002) (quoting Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992)). "An officer questioning a citizen exceeds the scope of his authority and effects a seizure only when, 'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" Barkley v. Commonwealth, 39 Va. App. 682, 692, 576 S.E.2d 234, 239 (2003) (quoting California v. Hodari D., 499 U.S. 621, 628 (1991)).

Emphasizing that "[t]otality of the circumstances is the test," the trial court found the initial encounter between appellant and Allen was consensual and that appellant was not seized until after Allen observed the weapon beneath the seat. Appellant argues he "was seized from

the moment he began complying with Officer Allen's commands to keep his hands out of his pockets, roll up the window, and close the car door." Appellant concedes Allen permissibly approached the parked car and its occupants, but asserts Allen "escalated the encounter to an unlawful seizure when he directed, rather than asked, [a]ppellant to take specific actions and [a]ppellant complied." Citing Beasley v. Commonwealth, 60 Va. App. 381, 728 S.E.2d 499 (2012), appellant reasons that as soon as he complied with Allen's instructions, he was seized, and Allen was required at that time to have a reasonable, articulable suspicion of criminal activity or probable cause to support the seizure.

In Beasley, an officer was on patrol in a high crime area when he approached a parked vehicle in which Beasley sat as a passenger. During the encounter, the officer observed Beasley make furtive movements and appear to pass an object to another passenger. Concerned for his safety, the officer ordered Beasley and the other occupants to put their hands in their laps. Beasley momentarily complied but then began reaching to the side of his seat. The officer repeated his request. Beasley again briefly showed his hands before moving his hands towards an open window. The officer directed Beasley to put his hands in his lap for a third time. Beasley complied, and, according to the officer, he "didn't move his hands anymore." Id. at 388, 728 S.E.2d at 502. Noting that "a person must first submit to the police officer's show of authority before being seized for Fourth Amendment purposes," id. at 392, 728 S.E.2d at 504, this Court found that "neither [the officer's] instruction nor [Beasley's] initial but very temporary compliance with this instruction was enough, by itself, to transform a consensual encounter into a seizure," id. at 394, 728 S.E.2d at 505. Instead, Beasley was not seized until he "actually submitted" to the officer's show of authority by "placing (and keeping) his hands where they could be seen . . . ." Id.

Here, the trial court found that, although Allen was giving appellant "direction," "under the totality of the circumstances, a reasonable person in the suspect's position would have felt that he could have left based upon all of the evidence that was presented." On that basis, the trial court denied the motion to suppress.

"Faced with situations involving police conduct . . . short of actual physical restraint, the [United States Supreme] Court articulated an objective test which asked whether the police conduct would have led . . . a reasonable person to believe that 'he was not free to leave.'" United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)). This "'reasonable person' test is objective, and presumes an innocent person rather than one laboring under a consciousness of guilt." Malbrough v. Commonwealth, 275 Va. 163, 169, 655 S.E.2d 1, 4 (2008).

"In determining whether the encounter was consensual, we must 'consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter.'" Dickerson v. Commonwealth, 35 Va. App. 172, 178-79, 543 S.E.2d 623, 626-27 (2001) (quoting Florida v. Bostick, 501 U.S. 429, 439 (1991)). "Thus, a seizure occurs when a law enforcement officer, by physical force or some display of authority, restrains in some manner a citizen's freedom of movement. Only when such restraint is imposed is there a basis for invoking Fourth Amendment safeguards." McLellan v. Commonwealth, 37 Va. App. 144, 152, 554 S.E.2d 699, 703 (2001) (quoting McCain v. Commonwealth, 261 Va. 483, 490-91, 545 S.E.2d 541, 545-46 (2001)). "Voluntariness is not equated with the absolute absence of intimidation." Hill v. Commonwealth, 52 Va. App. 313, 319, 663 S.E.2d 133, 136 (2008) (quoting United States v. Pelton, 835 F.2d 1067, 1072 (4th Cir. 1987)). "While most citizens will respond to a police request, the fact that people do so, and do

so without being told they are free not to respond, hardly eliminates the consensual nature of the response." Beasley, 60 Va. App. at 387 n.3, 728 S.E.2d at 502 n.3 (quoting INS v. Delgado, 466 U.S. 210, 216 (1984)).

Despite the fact that appellant complied with Allen's initial minimal requests, he continued to move about the compartment and appeared to attempt to leave the vehicle by opening the car door, suggesting he believed he was free to leave the scene even after Allen told him to show his hands and close the window. Although appellant states he obeyed all of Allen's directions, he conceded at oral argument that the record does not demonstrate he complied with Allen's request to close the car door. His own testimony suggests Allen observed the gun beneath the seat while the door was open and Allen was walking to the passenger side of the car.

Appellant testified he had exited his apartment at the complex where the car was parked and he had just entered the car moments before the officer arrived, indicating he could have exited the vehicle and returned to the apartment. That appellant willingly complied with Allen's requests did not in itself convert the consensual encounter into a seizure as long as a reasonable person would believe he could decline Allen's demands.

> Various factors have been identified as relevant in determining whether a seizure has occurred, including the threatening presence of a number of police officers, the display of weapons by officers, physical contact between an officer and a citizen, an officer's language or tone of voice compelling compliance, the retention of documents requested by an officer, and whether a citizen was told that he or she was free to leave.

Harris v. Commonwealth, 266 Va. 28, 32, 581 S.E.2d 206, 209 (2003). Ultimately, "[t]he decision whether the encounter was consensual must be made based on the totality of the circumstances." Id. No one factor is dispositive under the totality of the circumstances analysis. See United States v. Weaver, 282 F.3d 302, 310 (4th Cir. 2002).

In this case, Allen did not activate his emergency lights or siren and he parked some distance from the suspect car. Although appellant claimed Allen's police cruiser blocked the car in which he was sitting, Allen specifically testified that the car's exit was not obstructed. Allen was the only officer on the scene until after the discovery of the weapon, and he did not draw his own weapon until after he saw the firearm beneath the car seat. Allen touched appellant only after he ordered appellant out of the vehicle upon spotting the gun. Allen had not obtained any papers or identification from appellant and, although he did not expressly inform appellant he was free to leave, neither did Allen state that appellant was required to stay. The trial court believed Allen's version of the encounter was more credible than appellant's version and found that appellant was not seized until after Allen observed the gun beneath the seat. We also find, in reviewing the evidence, that the encounter remained consensual. Despite appellant's voluntary compliance with some of Allen's directions, based on the totality of the circumstances, a reasonable person in appellant's position would have felt free to disregard the instructions or leave the scene. Thus, we hold the trial court did not err by denying the motion to suppress. We affirm the trial court's decision and appellant's convictions.

Affirmed.