COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and AtLee
Argued at Lexington, Virginia

UNPUBLISHED

MARK AUSTIN MARTIN

v.      Record No. 1219-17-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
MAY 8, 2018

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Anita D. Filson, Judge

Robert C. Hagan, Jr. (Robert C. Hagan, Jr., Attorney At Law, PLC,
on briefs), for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Following a bench trial, appellant Mark Austin Martin ("Martin") was convicted on July

5, 2017, in the Circuit Court of Rockbridge County (the "circuit court"), for driving under the

influence of alcohol with a blood alcohol concentration of at least 0.15, but not more than 0.20,

in violation of Code §§ 18.2-266 and 18.2-270. Martin was subsequently sentenced to ninety

days in jail, with eighty-five days suspended, and a $500 fine, with $250 suspended. Martin

appeals this decision and argues that the circuit court erred by overruling his motion to suppress

the evidence that resulted from a traffic stop by a campus police officer beyond that officer's

territorial jurisdiction and without authority under Code § 19.2-77 as incorporated by Code

§ 23-234(A)—now Code § 23.1-815(B).[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Effective October 1, 2016, the General Assembly amended and reenacted Code
§ 23-234(A) as Code § 23.1-815(B), with no substantive changes affecting this case. See 2016
Va. Acts ch. 513, 571, 588.

## I. BACKGROUND

The evidence presented in the circuit court comes before this Court in a "Written Statement in Lieu of Transcript" pursuant to Rule 5A:8(c). On May 23, 2016, Officer R. Beagan, Jr. ("Officer Beagan"), of the Virginia Military Institute ("VMI") Police Department was stationed within his jurisdiction on N. Main Street in Lexington, Virginia. There, Officer Beagan observed Martin operating a motor vehicle. Officer Beagan's stationary radar indicated that Martin was travelling at a speed of thirty-five miles per hour in a twenty-five mile per hour zone both before and after Martin passed Officer Beagan's police cruiser.

Officer Beagan turned his police cruiser to follow Martin's vehicle and conduct a traffic stop. Officer Beagan, however, did not immediately activate his police cruiser's flashing lights and/or siren because there was no safe location for Martin to stop without blocking a lane of traffic. Instead, Officer Beagan followed Martin onto N. Jefferson Street and out of the VMI Police Department's jurisdiction before activating his police cruiser's flashing lights and siren. In response to Officer Beagan's signal, Martin then pulled into a nearby parking space.

Officer Beagan detected the odor of alcohol upon approaching Martin's vehicle. During Officer Beagan's subsequent investigation, Martin displayed evidence of intoxication while performing field sobriety tests. Officer Beagan determined that Martin was impaired and arrested Martin for driving under the influence of alcohol. Thereafter, an officer with the Lexington Police Department transported Martin to the regional jail where Martin submitted to a breath test. Subsequently, based upon the sworn statements of Officer Beagan, a magistrate issued a warrant of arrest for Martin charging him with first offense driving under the influence of alcohol.

Before trial, the prosecutor filed a memorandum of law regarding Officer Beagan's "territorial jurisdiction." Therein, the Commonwealth conceded that Officer Beagan was beyond

his territorial jurisdiction when he activated his flashing lights and siren. However, the Commonwealth argued that Officer Beagan's stop was nevertheless lawful because, after witnessing Martin speeding, Officer Beagan immediately pursued Martin with the intent to stop him. Thus, the Commonwealth argued that this act satisfied the "close pursuit" exception to the narrow statutory jurisdiction of campus police officers as provided in Code § 23-234(A), a position the Attorney General also argues on appeal.[2] Thereafter, on June 26, 2017, Martin filed a memorandum on "territorial jurisdiction" where he argued that Officer Beagan "did not have the authority to initiate the arrest beyond his territorial jurisdiction" because Officer Beagan did not initiate the "arrest" before leaving his jurisdiction and was therefore not in "pursuit," close or otherwise.

On July 5, 2017, before entering a plea, Martin made an oral motion to suppress the evidence that resulted from the traffic stop, arguing that Officer Beagan was beyond his territorial jurisdiction when he initiated the "pursuit" of Martin's vehicle by activating his flashing lights and siren.[3] But, after the circuit court heard the testimony of Officer Beagan and arguments of counsel, the circuit court denied Martin's motion.

---

[2] As incorporated by Code § 23-234(A), Code § 19.2-77 provides:

> Whenever a person in the custody of an officer shall escape or whenever a person shall flee from an officer attempting to arrest him, such officer, with or without a warrant, may pursue *such person* anywhere in the Commonwealth and, *when actually in close pursuit*, may arrest him wherever he is found.

(Emphasis added).

[3] Although Martin styled his motion as a "Motion to Suppress," he did not assert that Officer Beagan lacked probable cause nor did he assert any violation of his rights under the Fourth Amendment to the Constitution of the United States. Instead, he sought "suppression" of the entire charge based upon an asserted violation of his rights to procedural due process because Officer Beagan lacked the authority to arrest him outside of his territorial jurisdiction.

Martin pleaded not guilty. And, reserving his exception to the denial of the motion to suppress, Martin stipulated to Officer Beagan's testimony on the motion to suppress and the admissibility of the certificate of analysis containing the results of his breath test. The circuit court subsequently found Martin guilty. This appeal follows.

## II. ANALYSIS

### A. Standard of Review

"On appeal from a denial of a suppression motion, we must review the evidence in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences." Knight v. Commonwealth, 61 Va. App. 297, 302, 734 S.E.2d 716, 719 (2012) (quoting Slayton v. Commonwealth, 41 Va. App. 101, 103, 582 S.E.2d 448, 449 (2003)). "In addition, 'the defendant has the burden of showing that even when the evidence is reviewed in that light, denying the motion to suppress was reversible error.'" Gregory v. Commonwealth, 64 Va. App. 87, 93, 764 S.E.2d 732, 735 (2014) (quoting Branham v. Commonwealth, 283 Va. 273, 280, 720 S.E.2d 74, 77 (2012)). "[W]e defer to the trial court's findings of 'historical fact' and give 'due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" Hill v. Commonwealth, 52 Va. App. 313, 318, 663 S.E.2d 133, 135 (2008) (quoting Barkley v. Commonwealth, 39 Va. App. 682, 690, 576 S.E.2d 234, 238 (2003)).

### B. Whether the circuit court erred in overruling Martin's motion to suppress

Here, Martin does not dispute that he committed a misdemeanor traffic offense within Officer Beagan's territorial jurisdiction. Martin also concedes that Officer Beagan was within his territorial jurisdiction when Officer Beagan began to follow Martin's vehicle with the intent to arrest him or issue a summons. However, Martin argues that because Officer Beagan did not indicate his intent to make an arrest by activating his flashing lights and siren until both he and Officer Beagan left the jurisdiction of the VMI Police Department, Code § 19.2-77 did not

- 4 -

authorize his extraterritorial arrest. In support of his argument, Martin argues that Officer Beagan was not in "close pursuit," if at all, until Officer Beagan activated his flashing lights and siren to pull Martin over since Martin was neither escaping from the custody of an officer nor fleeing from an officer attempting to arrest him as the term "close pursuit" is contemplated in the language of Code § 19.2-77 at which point, and as the Commonwealth concedes, Officer Beagan was outside of his jurisdiction as a VMI police officer. The Commonwealth responds by arguing that Officer Beagan lawfully arrested Martin for driving under the influence because he was in "close pursuit" of Martin, as contemplated by Code § 19.2-77 since he was following Martin with the ultimate intention of stopping Martin's vehicle but delayed acting upon his intention until outside of his territorial jurisdiction due to reasons of safety.

We need not decide the question of whether Officer Beagan was in "close pursuit" of Martin within the meaning of Code § 19.2-77 as incorporated by Code § 23-234(A) because we find that the issuance of an arrest warrant by a judicial officer cured any defect in Martin's original arrest by Officer Beagan. Here, a neutral and detached magistrate issued an arrest warrant based upon probable cause and supported by the sworn statements of Officer Beagan. See Shadwick v. City of Tampa, 407 U.S. 345, 350 (1972) ("[A]n issuing magistrate must meet two tests. He must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search."). Significantly, Martin never challenged the magistrate's finding of probable cause or the validity of the warrant upon which he was tried and focuses his argument solely upon the validity of the traffic stop.[4] It follows that, even if Officer Beagan had no more authority to arrest Martin than an ordinary citizen would,

---

[4] We specifically note that Martin stipulated to the admissibility of the results of the breath test in this case and therefore we need not and do not consider the applicability of the Commonwealth's implied consent statute—Code § 18.2-268.2—to the facts of this case.

this Court need not consider any question of either suppression or procedural due process because Martin's conviction was predicated on an entirely valid arrest warrant.[5]

Further, assuming without deciding that Officer Beagan lacked the statutory authority to arrest Martin, only a finding of a constitutional violation of the Fourth Amendment would permit any degree of the suppression remedy he seeks. See Virginia v. Moore, 553 U.S. 164, 167 (2008) (holding that "Virginia law does not, as a general matter, require suppression of evidence obtained in violation of state law"). The exclusionary rule applies only to constitutional violations, not to alleged violations of state arrest laws. See id. at 178. "Absent an infirmity of constitutional dimensions, the 'mere violation of state statutory law does not require that the offending evidence be suppressed, unless the statute expressly provides for an evidentiary exclusion remedy.'" Cutright v. Commonwealth, 43 Va. App. 593, 600, 601 S.E.2d 1, 4 (2004) (quoting Seaton v. Commonwealth, 42 Va. App. 739, 757 n.7, 595 S.E.2d 9, 17 n.7 (2004)). Though extraterritorial arrests may violate a state statute, they do not warrant the suppression of evidence in most cases. In fact, our Supreme Court has rejected the invitation to adopt a state exclusionary rule for arrests that violate a statutory provision when the detention is otherwise constitutional. See Horne v. Commonwealth, 230 Va. 512, 519, 339 S.E.2d 186, 191 (1986).

Neither Code § 19.2-77 nor Code § 23-234(A) "provide for a suppression remedy for procedural violations." Cutright, 43 Va. App. at 600, 601 S.E.2d at 4. Instead, "[t]he legislative remedy for a *procedural violation* is not suppression of the evidence, but a full and fair opportunity for both sides to attempt to prove or disprove any prejudicial effect of the violation."

---

[5] Although Martin argues his assignment of error on constitutional procedural due process grounds, the remedy for a violation of due process, in a criminal context, is ordinarily a new trial with "the right to reasonable notice and a meaningful opportunity to be heard[,]" all of which he received here, not the suppression of the evidence which he seeks. See, e.g., Parker v. Commonwealth, 42 Va. App. 358, 383, 592 S.E.2d 358, 371 (2004) (internal quotation and citation omitted).

Id. at 600-01, 601 S.E.2d at 4 (emphasis in original).  Martin had such an opportunity in the circuit court.  Given this reality, there is no legal basis for Martin's assertion that he was denied procedural due process and that the circuit court erred in denying his motion to suppress.

### III.  CONCLUSION

For these reasons, we hold that, assuming without deciding that Officer Beagan arrested Martin outside of his territorial jurisdiction as extended pursuant to Code § 19.2-77 as incorporated by Code § 23-234(A), the circuit court did not err in denying Martin's motion to suppress.

Affirmed.